[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant, Loretta Britt and her two minor children took possession of Apartment 8, 187 Dixwell Avenue, New Haven, Connecticut on or about October 1, 1990, pursuant to an emergency housing agreement between the City of New Haven and Renaissance Management Company, Inc. (Renaissance).
The City terminated Ms. Britt's eligibility for emergency housing as of February 28, 1991.
Sometime after October 1st but before February 28th, defendant, Britt, permitted defendants, Jane and John Doe, to occupy the premises with her.
On April 24, 1991, plaintiff, Renaissance, caused a Notice to Quit to be served upon the three defendants, with the reason being "Termination of Right or Privilege to Occupy".
Defendant, Britt, admitted the allegations of the First Court of the Revised Complaint and no issue exists concerning CT Page 7564 termination of her right to occupy.
Defendants, Jane and John Doe, determined at trial to be Ms. Britt's mother and uncle, denied paragraph 8 of the second count of the revised complaint which contends that "their right or privilege to occupy the premises derives from the right or privilege of said Loretta Britt to occupy said premises."
These defendants contend that they never had a right or privilege to occupy and thus the plaintiffs chose the wrong statutory ground for eviction.
The Court finds the following additional facts: plaintiff, Renaissance, knew of Jane and John Doe's occupancy and did not seek to prevent it while Ms. Britt was lawfully upon the premises; no contractual duty to prevent them from occupying was shown; neither defendant, Britt, nor the Doe defendants were informed or were given reason to believe that the Does' occupancy was, unauthorized or not permitted.
Connecticut General Statutes 47a-23 (a)(3) provides: "when one originally had the right or privilege to occupy such premises other than under a rental agreement or lease but such right or privilege has terminated, such owner . . . shall give notice to each lessee or occupant to quit possession. . . ."
The Court finds that Jane and John Doe had a right or privilege to occupy which was derivative of Loretta Britt's right or privilege to occupy, since Ms. Britt unquestionally permitted her mother and uncle to occupy; plaintiff was aware of the occupancy, plaintiff acquiesced and thus impliedly consented to the occupancy. Nothing presented at trial leads the Court to find that the emergency housing aspect of this case affects the Does' status.
Accordingly, the Notice to Quit and Revised Complaint are found to be legally proper and judgment for possession against all defendants is ordered.
Schimelman, Judge